*S. Whicker*, for plaintiff in error.

*Wm. G. Woodward*, for defendant.

————•◦•————

BUDYMAN *v.* VIELE.

In a proceeding on *scirc facias* to revive a judgment, defendant recovered judgment on a plea of bankruptcy, nearly three years after the case was brought to supreme court, without the plea or certificate of bankruptcy; held that as the judgment entry shows there was such a plea filed, it will be presumed that the plea was regularly filed with the certificate, and that the proceeding below was correct.

Error in the court below will not be presumed; it must be affirmatively shown.

S

---

Budyman *v.* Viele.

---

ERROR *to Muscatine District Court.*

*Opinion by* GREENE, J.    *Scire facias* to revive a judgment against W. D. Viele.    On return of the writ, both parties appeared by their attorneys, and the defendant filed a plea of bankruptcy on which judgment was rendered for the defendant.

It is now objected that there is nothing upon which to predicate a judgment, and that the proceedings were therefore erroneous.    As the clerk of the district court could find no plea of bankruptcy on file to return with the proceedings to this court, it is assumed that no such plea was filed at the trial of the cause.    But the judgment entry declares that " the parties appeared by their attorneys and the defendant filed a plea of bankruptcy."    There is no ground then for the assumption that the plea was not filed.    Nor can we doubt the sufficiency of the plea, as the plaintiff was there by his attorney, and appears to have interposed no objection either to the plea or to the decision of the court.    Had the proceedings been defective exceptions could, and doubtless would, have been taken by the attorney; as they appear to have been acquiessed in and to have slumbered, without objection, for nearly three years before the writ of error was sued out, a strong presumption is raised that all was correct, that the plea was regularly filed, and that judgment was properly entered.

It has been repeatedly decided that error will not be presumed in the proceedings of the district court; that it must be affirmatively shown in order to subject the matter to the correction of this court.

Though the record in the case is remarkable for brevity, still it discloses no affirmative error, and cannot, therefore, be disturbed.                          Judgment affirmed.

*S. Whicker*, for plaintiff in error.

*Wm. G. Woodward*, for defendant.